393 A.2d 300

**Robert B. WICKS and Lucy J. Wicks, Individually and as parents and natural guardians of Jill, Geoffrey and Audrey Wicks, minors,**

**v.**

**MILZOCO BUILDERS, INC., Carroll Builders, Inc., R. L. Sheibley and Benjamin Breneman, trading as R. L. Sheibley Construction Co., Georgian Hall Real Estate, Monroe Township \*, Eugene Cook, Chester Miller, Wesley Zollers, Scott Greenfield, Kenneth Miller, Charles Baker and Merle Wertz,**

(\* Monroe Township only, Appellant herein).

Charles J. BAUER and Ruth M. Bauer, Individually and as parents and natural guardians of Ruth, Charles, John, Linda and Michele Bauer, minors,

v.

MILZOCO BUILDERS, INC., Carroll Builders, Inc., R. L. Sheibley and Benjamin Breneman, trading as R. L. Sheibley Construction Co., Georgian Hall Real Estate, Monroe Township *, Eugene Cook, Chester Miller, Wesley Zollers, Scott Greenfield, Kenneth Miller, Charles Baker and Merle Wertz,

(* Monroe Township only, Appellant herein).

Donald L. SHERIFF and Pamela K. Sheriff, Individually and as parents and natural guardians of Michael Sheriff, a minor,

v.

MILZOCO BUILDERS, INC., Carroll Builders, Inc., R. L. Sheibley and Benjamin Breneman, trading as R. L. Sheibley Construction Co., Georgian Hall Real Estate, Monroe Township *, Eugene Cook, Chester Miller, Wesley Zollers, Scott Greenfield, Kenneth Miller, Charles Baker and Merle Wertz,

(* Monroe Township only, Appellant herein).

William E. LELLO and Linda J. Lello

v.

MILZOCO BUILDERS, INC., Chester Miller, Wesley Zollers, Monroe Township *, Kenneth Miller, Charles Baker and Merle Wertz,

(* Monroe Township only, Appellant herein).

Supreme Court of Pennsylvania.

Argued Jan. 18, 1978.

Decided Oct. 5, 1978.

Richard C. Snelbaker, Martson & Snelbaker, Mechanicsburg, for appellant.

Richard C. Angino, Hurwitz, Klein, Benjamin & Angino, Harrisburg, for appellees, Robert & Lucy Wicks.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellees, the Wicks, Bauer, Sheriff, and Lello families, brought suit against several construction companies, a real estate firm and its agents, three Supervisors of Monroe Township and appellant, Monroe Township, for damages sustained when inadequate drainage systems and excessive runoff of water and mud from a hill above their properties made appellees' homes nearly uninhabitable. The runoff problems were allegedly caused in part by the construction of houses on the hillside. Appellees also allege that construction on the hillside continued even after the builders and Township Supervisors became aware of the drainage problem and that no precautions to minimize or prevent the problem were taken.

Appellees sued Monroe Township's Supervisors on the theory that the Supervisors, once they learned of the runoff and drainage problem, should have revoked the permits which allowed the builders to continue construction on the hillside. Appellees sued Monroe Township on the theory of respondeat superior.

The Court of Common Pleas of Cumberland County held that the Supervisors were "high public officials," absolutely immune from civil liability arising from actions taken within the course of their duties and within the scope of their authority, and that they could not be sued by appellees. It also held that Monroe Township could not be sued on a theory of respondeat superior when its servants were all immune from liability for the acts alleged.

Appellees appealed to the Commonwealth Court from that part of the order dismissing the complaint against Monroe

Township. The Commonwealth Court reversed, and reinstated the complaint against Monroe Township. We granted Monroe Township's petition for allocatur and now affirm.[1]

Whether a complaint states a cause of action against public officials cannot be determined "solely on the basis of their status as employees of the Commonwealth." *DuBree v. Commonwealth of Pennsylvania*, 481 Pa. 540, 543, 393 A.2d 293, 294 (1978).[2] Therefore, the Commonwealth Court properly reinstated the complaint.

Order of the Commonwealth Court affirmed and case remanded to the Court of Common Pleas of Cumberland County for proceedings consistent with this opinion.

EAGEN, C. J., and NIX, J., concur in the result.

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204, 17 P.S. § 211.204 (Supp.1978).

2. See also Rest. 2d Agency § 217 & comments (principal may not raise immunity of agent as defense to claim based on respondeat superior); cf. *Koontz v. Messer*, 320 Pa. 487, 181 A. 792 (1935) (principal may not raise agent-husband's immunity from suit as defense to wife's action based on respondeat superior); *Schubert v. Schubert Wagon Co.*, 249 N.Y. 253, 164 N.E. 42 (1928) (Cardozo, J.) (same).