F. Donald Raneri, Appellant *v.* Leo DePolo and the County of Westmoreland, Appellees.

Argued November 2, 1978, before Judges MENCER, DISALLE and CRAIG, sitting as a panel of three.

*Richard H. Galloway,* with him *Ackerman & Galloway,* for appellant.

*Robert M. Gesselman,* with him *Irving L. Bloom, Christ. C. Walthour, Jr.,* and *Kunkle, Walthour and Garland,* for appellees.

OPINION BY JUDGE MENCER, January 18, 1979:

F. Donald Raneri, a Westmoreland County Detective, instituted an action in trespass against Leo DePolo and the County of Westmoreland, alleging that Leo DePolo, Chief County Detective of Westmoreland County, made defamatory statements with respect to Raneri.

Both defendants filed preliminary objections in the nature of a demurrer, DePolo asserting that he is cloaked with either absolute or conditional immunity and Westmoreland County claiming protection by reason of the doctrine of immunity, as well as certain

deficiencies in the complaint relative to agency and jurisdiction.

The Court of Common Pleas of Westmoreland County sustained the preliminary objections in the nature of a demurrer on the basis of its concluding that Leo DePolo "was a high public official acting within the course of his public duties and as such is protected from liability by the absolute immunity afforded him under the law," and this immunity "extends to the County of Westmoreland as his employer making it immune as well." Raneri filed an appeal from the ruling of the trial court.[1]

The order of the Court of Common Pleas of Westmoreland County, under date of December 7, 1976, sustaining the preliminary objections of defendants, DePolo and Westmoreland County, is vacated, and we remand to that court for reconsideration of the preliminary objections in light of *DuBree v. Commonwealth of Pennsylvania,* Pa. , 393 A.2d 293 (1978). *See Wicks v. Milzoco Builders, Inc.,* Pa. , 393 A.2d 300 (1978).

ORDER

AND Now, this 18th day of January, 1979, the order of the Court of Common Pleas of Westmoreland County, under date of December 7, 1976, sustaining the preliminary objections of the defendants, Leo DePolo and Westmoreland County, is vacated, and the matter is hereby remanded to that court for reconsideration of the preliminary objections in light of *DuBree v. Commonwealth of Pennsylvania,* Pa. , 393 A.2d 293 (1978).

---

[1] It would appear that exclusive appellate jurisdiction of this appeal properly rests in the Pennsylvania Superior Court. 42 Pa. C.S. §742. We do not deem this case to be within the provisions of 42 Pa. C.S. §762(a)(4).