Carl KUZEL and Kevin
Sisley, Appellants,

v.

Thomas G. KRAUSE, Ronald G. Phillips,
Angelo L. Furlin, Russell L. Auberle and
Township of North Huntingdon.

Carl KUZEL and Kevin Sisley

v.

Thomas G. KRAUSE, Ronald G. Phillips,
Angelo L. Furlin, Russell L. Auberle and
Township of North Huntingdon.

Appeal of Thomas G. KRAUSE,
Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 1995.

Decided May 8, 1995.

Victor H. Pribanic, for appellants/appellees Kuzel and Sisley.

Vicki L. Beatty, for appellees/appellants Krause et al.

Before COLINS, President Judge, and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

PELLEGRINI, Judge.

Carl Kuzel and Kevin Sisley (Employees) appeal from the order of the Court of Common Pleas of Westmoreland County (trial court) dismissing post-trial motions and confirming the jury's verdict in favor of the Township of Huntingdon (Township) and Township Commissioners Ronald G. Phillips, Angelo L. Furlin and Russell L. Auberle, on a claim of wrongful discharge, but against Township Commissioner Thomas G. Krause. Commissioner Krause filed a cross-appeal to the award.

The Employees worked for the Township as part-time police officers whose status was "at will," having no rights to continued employment. They were injured in a work-related incident for which they received workmen's compensation benefits. While they were receiving workmen's compensation benefits, the Township Commissioners, acting on the recommendation of the Township Manager, voted to terminate the Employees' employment. The Employees filed a wrongful discharge action against the Township and the individual commissioners, contending that they were wrongfully discharged in retaliation for filing workmen's compensation claims. On preliminary objections the trial court dismissed the Township from the case, holding that governmental immunity barred suit because the alleged conduct on the part of the Township fell within none of the exceptions to immunity. 42 Pa.C.S. § 8542. However, the trial court allowed the case against the individual commissioners to proceed based upon a theory that, if their actions were willful, they could be held individually liable. See 42 Pa.C.S. § 8550.

At trial, the Employees presented testimony that at the March 20, 1991 Township Commissioners' meeting, Commissioner Krause stated "[w]hy keep people that are on disability who are useless to us when we can replace them...." While four out of seven of the commissioners voted in favor of the termination, apparently based on his statement, the jury found only Commissioner Krause to be liable. The jury awarded no compensatory damages but did award punitive damages in the amount of $5,000 to Officer Sisley and $2,500 to Officer Kuzel.

■ The Employees filed post-trial motions requesting a new trial, contending that the jury instructions were ambiguous, the verdict inadequate and inconsistent, and the Township should have been held liable for Commissioner Krause's intentional wrongful conduct on an agency theory. Commissioner Krause filed post-trial motions requesting a judgment notwithstanding the verdict, or in the alternative, a new trial contending, *inter alia*, that the Employees had failed to set forth a cause of action for wrongful discharge and, in any event, he was entitled to both governmental and official immunity. Also, he contends that, as an individual member of the Board of Commissioners, he did not have the power to discharge the Employees, and he cannot be held individually liable for the actions of the Board as a whole. The trial court denied the motions, and this appeal and cross-appeal followed.[1]

■ Both parties raise the same issues on appeal. If Commissioner Krause is not liable either because he is entitled to official immunity or because his acts are not otherwise actionable, the other issues raised by both Krause and the Employees need not be reached. While official immunity is related to the common law doctrines of sovereign and governmental immunity, it is separate both in terminology and its historical development. Sovereign and governmental immunity involve the constitutional question of the Commonwealth consenting to be sued and the effect those suits would have on the public purse, while official immunity is a doctrine that prevents the fear of personal liability from interfering with the public officials' performance of their duties. Official immunity protects the public officer from liability, even when sovereign immunity has been waived. It is personal to the officers in order to allow them to carry out their duties requiring the exercise of judgment. If a public official is immune, then a governmental agency cannot be held liable under the theory of respondeat superior. *Montgomery v. Philadelphia*, 392 Pa. 178, 188, 140 A.2d 100, 105 (1958).[2]

Official immunity was codified into the Judicial Code commonly dealing with governmental and sovereign immunity. For local officials, immunity was codified at Section 8546 of the Judicial Code, 42 Pa.C.S. § 8546, dealing with official immunity.[3] Section 8546 provides, in relevant part:

In any action brought against an employee of a local agency for damages on account of an injury to a person or property based upon claims arising from, or reasonably related to, the office or the performance of the duties of the employee, the employee may assert on his own behalf, or the local agency may assert on his behalf:

(1) Defenses which are available at common law to the employee.[4]

\* \* \* \* \* \*

1. Our scope of review for a judgment notwithstanding the verdict is limited to determining whether the trial court committed an abuse of discretion or whether there was an error of law which controlled the outcome of the case. *Moore v. City of Philadelphia*, 131 Pa.Commonwealth Ct. 586, 571 A.2d 518 (1990), *application for allowance of appeal denied*, 527 Pa. 589, 588 A.2d 511 (1991).

2. The Employees argue that the Township should have been held responsible for the intentional wrongs of its Commissioner based on a theory of agency. Restatement (Second) of Agency, 245. Even if the defense of official immunity is unavailable, we agree with the trial court that there is no evidence that this theory was argued by the Employees at trial, or presented to the jury in the Employees' summation or in the form of proposed jury instructions. Therefore, this issue was not preserved for appellate review. *Amalgamated Cotton Garment and Allied Industries Fund v. Dion*, 341 Pa.Superior Ct. 12, 491 A.2d 123 (1985).

3. Section 8545 provides:

An employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency...."

4. At common law, high public officials enjoyed an absolute privilege. *Montgomery v. City of Philadelphia*, 392 Pa. 178, 183, 140 A.2d 100, 103 (1958); *Factor v. Goode*, 149 Pa.Commonwealth Ct. 81, 85, 612 A.2d 591, 593 (1992), *application for allowance of appeal denied* 533 Pa. 654, 624 A.2d 112 (1993). Whether Krause was entitled to this absolute privilege as a high public official was not raised on appeal. *See Jonnet v. Bodick*, 431 Pa. 59, 244 A.2d 751 (1968); *Wicks v. Milzoco Builders, Inc.*, 25

(3) *The defense that the act of the employee which gave rise to the claim was within the policymaking discretion granted to the employee by law. For purposes of this subsection, all acts of members of the governing body of a local agency or of the chief executive officer thereof are deemed to be within the policymaking discretion granted to such person by law.* (Emphasis added.)

* * * * * *

■ However, while 42 Pa.C.S. § 8546 grants immunity, Section 8550 of the Code abrogates the immunity defenses, and other protections provided to a local agency employee. When it is *"judicially determined* that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct"* (emphasis added), the protection afforded under Sections 8545 (extent of official liability generally),[5] 8546 (defense of official immunity), 8548 (local agency indemnity), and 8549 (limitation on damages), are no longer available. If the public employee's conduct falls within one of those types of wrongful intent, then the public employee is not afforded the protection of official immunity.

■ Commissioner Krause contends that the action cannot be maintained against him because as a Township Commissioner, a member of a governing body, all his acts, including his termination of the Employees, are deemed to be within the policymaking discretion and immune. Moreover, he contends that there is nothing in the record to establish that his acts amounted to willful misconduct, the only type of wrongful intent alleged, so as to make the defense of official immunity unavailable to him. For their part, the Employees contend that there is suffi-

cient testimony to establish that Krause's actions in wrongfully discharging them for filing workmen's compensation claims rose to the level of wrongful intent.

■ For purposes of the Tort Claims Act, "willful misconduct" is synonymous with the term "intentional tort."[6] *King v. Breach,* 115 Pa.Commonwealth Ct 355, 367, 540 A.2d 976, 981 (1988). The governmental employee must desire to bring about the result that followed his conduct or be aware that it was substantially certain to follow. *McNeal v. City of Easton,* 143 Pa.Commonwealth Ct. 151, 598 A.2d 638 (1991); *Williams v. City of Philadelphia,* 131 Pa.Commonwealth Ct. 71, 569 A.2d 419 (1990). As summarized by the trial court, and confirmed by our review of the record, the evidence regarding Krause's willful misconduct can be described as follows:

> While the evidence produced by [Employees] in support of their claims was on no account abundant, [Employees] did offer the testimony of a former North Huntingdon Commissioner Elias Phillip Abbott, who testified that at a closed-door caucus meeting Commissioner Krause indicated that [Employees] Sisley and Kuzel were being released because they filed workers' compensation claims. (Trial Transcript at [36a]). Moreover, [Employees] produced a transcript of the March 20, 1991, meeting during which Commissioner Krause remarked, "why keep people that are on disability that are useless to us when we could replace them with...." [Krause was interrupted by Councilmember Furlin who said "I don't think they'll ever be back, Fred." Fred was another councilmember.]

Pa.Commonwealth Ct. 340, 360 A.2d 250 (1976), *affirmed,* 481 Pa. 554, 393 A.2d 300 (1978).

5. We do not reach whether willful misconduct would preclude an absolute immunity defense.

6. The characterization of "willful misconduct" as an intentional tort is at variance with how that term is defined in the Restatement (Second) of Torts. As normally defined, however, willful misconduct lies on a fault continuum somewhere between ordinary negligence and an intentional

tort. No intent to cause the injury is required. To establish willful misconduct, all that needs to be shown is that the actor was conscious of the risk of harm and that the risk was high either in degree or probability. The Restatement definition of willful misconduct differs from an intentional tort and the characterization placed on it under the Torts Claim Act in that it does not require that the injury is certain or substantially certain to occur. *See generally* Restatement (Second) of Torts, §§ 500–503.

The issue then is whether the statements made by Krause at that closed door caucus are sufficient to establish willful misconduct, thus taking his conduct outside the ambit of official immunity. This matter is fully reviewable by us because the existence of willful misconduct is a question of law that "must be judicially determined." 42 Pa.C.S. § 8550.

 A claim for wrongful discharge is made out when the plaintiff establishes that his or her discharge is a violation of a clearly definable right that "strikes at the heart of citizens' social right, duties and responsibilities." *Yaindl v. Ingersoll–Rand Company*, 281 Pa.Superior Ct. 560, 572, 422 A.2d 611, 617 (1980). The public policy exception is a narrow one. *Id.* While *Macken v. Lord Corp.*, 402 Pa.Superior Ct. 1, 585 A.2d 1106 (1991), suggests that such a claim might exist, there is no Pennsylvania appellate court decision holding that being discharged for being on workmen's compensation is sufficient to bring a wrongful discharge claim. We will, however, without reaching the issue, assume that a wrongful discharge action can be brought for being terminated for being on workmen's compensation and that the elements of a wrongful discharge were made out.

Employees contend that Krause is not entitled to official immunity based on the following reasoning: they made out a claim of wrongful discharge; wrongful discharge is an intentional tort; an intentional tort is willful misconduct; willful misconduct makes the defense of official immunity unavailable to Krause. We adopted similar reasoning in *Purdy v. Romeo*, 149 Pa.Commonwealth Ct. 281, 613 A.2d 91 (1992), involving a claim of intentional infliction of emotional distress. Because an intentional tort is synonymous with willful misconduct, we held that the official immunity set forth in 42 Pa.C.S. § 8542(b)(3) was precluded by the 42 Pa.C.S. § 8550 exclusion for willful misconduct. However, that interpretation of "willful misconduct" was rejected by our Supreme Court in *Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289 (1994).

In *Renk*, a money judgment was entered against Renk, a police officer, based on a jury finding that his actions constituted assault, battery, false imprisonment and emotional distress against the plaintiff, all intentional torts. The police officer sought indemnification for the money judgment under 42 Pa.C.S. § 8548 because the incident occurred while he was acting within the scope of his duties. The City opposed because 42 Pa.C.S. § 8550 precluded indemnification where the employee had engaged in willful misconduct. Although the judgment was entered against him for committing the intentional tort of assault, battery, and false imprisonment, our Supreme Court held that Renk was not precluded from indemnification because he may not have intentionally committed these intentional torts. Reversing this court, it ordered that he be indemnified for his money damages. In effect the Supreme Court found that "willful misconduct," as used in 42 Pa. C.S. § 8550, means "willful misconduct aforethought."

Because of our Supreme Court's interpretation of 42 Pa.C.S. § 8550, willful misconduct requires Employees here to establish more than wrongful discharge to make the defense of official immunity unavailable to Krause. Employees also had to establish that Commissioner Krause knew or should have known that it was improper to terminate someone for receiving workmen's compensation and did so anyway. There is no evidence Krause knew that it was improper or against public policy to terminate Employees, just that they were receiving workmen's compensation benefits and it would be better to replace them with police officers who were able to work. Because his conduct was a discretionary act entitling him to immunity and was not willful, official immunity forecloses this action being maintained against Krause.

 Not only should this action be dismissed against Commissioner Krause because of official immunity, Commissioner Krause alone cannot be held liable for the act of the Township Board of Commissioners in terminating Employees for any reason. An individual Township Commissioner alone has no authority; he or she is just one member of the Board of Commissioners and has no power alone to take any action unless a ma-

jority of the Board of Commissioners, acting as a body, does so. *See* Section 702 of the Code, 53 P.S. § 55702. For example, if Krause had voted and made the same comments, but other members also did not vote to terminate Employees, then Employees would not have been terminated and no cause of action would exist, despite the fact that Krause cast the same vote for the same reason. Even if Commissioner Krause cannot act individually to discharge an employee and only the Board can do so, to hold him solely and individually liable for an action of the Board is impossible.

Accordingly, the trial court's order affirming the award of punitive damages against Commissioner Krause is reversed, and a judgment not withstanding the verdict entered in his favor.

### ORDER

AND NOW, this 8th day of May, 1995, the order of the Court of Common Pleas of Westmoreland County, dated January 27, 1994, is reversed, and judgment notwithstanding the verdict is entered in favor of Thomas G. Krause.

FRIEDMAN, J., concurs in the result only.