# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Angel Cruz                                    :
                                              :
              v.                              : No. 1748 C.D. 2015
                                              : Argued: October 17, 2016
Police Officers MaDonna,                      :
Robert E. Peachey, and                        :
Christopher McCue                             :
                                              :
                                              :
Appeal of: Police Officer Robert E.          :
Peachey                                       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  January 27, 2017**


Philadelphia police officer Robert E. Peachey (Peachey) appeals the September 2, 2015 order of the Philadelphia County Court of Common Pleas (Trial Court) denying his motion for post-trial relief. On August 19, 2015, in a personal injury action against three Philadelphia police officers, the jury returned a verdict finding that defendant Peachey committed the intentional torts of battery, assault, and false imprisonment/arrest, and awarded plaintiff Angel Cruz (Cruz) $33,700 in damages. (Trial Work Sheet, Verdict Slip, Reproduced Record (R.R.) at 60a-62a.)[1] The jury also found the other two defendant police officers, Christopher

---

[1] On February 14, 2014, plaintiff Angel Cruz filed a complaint against Philadelphia Police Officers Christopher McCue, John MaDonna, and Robert E. Peachey containing the following causes of action: (1) Battery; (2) Assault; (3) False Imprisonment; (4) False Arrest; (5) Conspiracy; (6) Intentional Infliction of Emotional Distress; and (7) Negligent Infliction of Emotional Distress. (Complaint, R.R. at 19a-26a.)

McCue and John MaDonna, not liable. (*Id.*) After this verdict was returned, the Trial Court then charged the jury with determining whether Peachey had committed willful misconduct in bringing about Cruz's harm, and the jury found that Peachey did not do so. (Verdict Slip 2, R.R. at 63a.) On August 20, 2015, Peachey filed a post-trial motion requesting that the Trial Court enter judgment notwithstanding the verdict in his favor. (Motion for Post-Trial Relief, R.R. at 64a-65a.) In his motion, Peachey argued that as a matter of law, Peachey could not be liable for the intentional torts alleged where the jury found that he did not act with willful misconduct in bringing about Cruz's harm. Following the Trial Court's denial of Peachey's post-trial motion, Peachey filed an appeal to this Court.[2]

Before this Court, Peachey argues that he is immune from Cruz's intentional tort claims under the act commonly known as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§ 8541-8564. Peachey asserts that the Tort Claims Act requires Cruz to prove that he acted with the subjective intent to do something wrongful, contending that under Section 8550 of the Tort Claims Act, the only way an employee's immunity can be abrogated is to demonstrate that his actions constituted "a crime, actual fraud, actual malice or willful misconduct." 42 Pa. C.S. § 8550. Peachey asserts, in essence, that if an employee does not commit willful misconduct, then the employee has official immunity and has an entitlement to indemnity.

Section 8545 of the Tort Claims Act establishes official liability generally, stating that an employee of a local agency is liable for civil damages caused only to the same extent as his or her employer, for acts within the scope of

---

[2] A trial court's grant or denial of a request for judgment notwithstanding the verdict will be reversed only when we find an abuse of discretion or an error of law. *Reott v. Asia Trend, Inc.* 55 A.3d 1088, 1093 (Pa. 2012); *Dooner v. DiDonato*, 971 A.2d 1187, 1193 (Pa. 2009).

his or her office or duties and subject to certain limitations. 42 Pa. C.S. § 8545. Legal assistance for the defense of such claims is provided under Section 8547 of the Tort Claims Act, 42 Pa. C.S. § 8547, and indemnity for the payment by a local agency of any judgment on a suit is authorized under Section 8548, 42 Pa. C.S. § 8548. Section 8550 of the Tort Claims Act, entitled "Willful Misconduct" states that:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a *crime, actual fraud, actual malice or willful misconduct*, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42 Pa. C.S. § 8550 (emphasis supplied).

In its Rule 1925(a) opinion, the Trial Court stated that the jury's explicit finding that Peachey did not commit willful misconduct meant that he was entitled to indemnification by the City of Philadelphia under the Tort Claims Act, but that did not make him immune from liability. (Trial Court Opinion at 6.) Citing *Renk v. City of Pittsburgh*, 641 A.2d 289 (Pa. 1994), the Trial Court noted that in that case, the Supreme Court had found it conceivable that a jury could find a police officer liable for assault and battery under circumstances that demonstrate that the officer did not intentionally use unnecessary and excessive force, or for false arrest/imprisonment under circumstances that demonstrate that the officer did not deliberately arrest a person knowing that he lacked probable cause to do so.[3] (Trial Court Opinion at 9.)

---

[3] *Renk* involved, *inter alia*, state claims against a police officer (Renk) for assault, battery, false imprisonment, and emotional distress, wherein the jury found Renk liable on the tort claims; after making payment of the judgment entered, Renk brought civil action against the City of

In an *en banc* decision, our Court discussed the Supreme Court's decision in *Renk*, and its rejection of the notion that an intentional tort is synonymous with willful misconduct:

> In *Renk*, a money judgment was entered against Renk, a police officer, based on a jury finding that his actions constituted assault, battery, false imprisonment and emotional distress against the plaintiff, all intentional torts. The police officer sought indemnification for the money judgment under 42 Pa. C.S. § 8548 because the incident occurred while he was acting within the scope of his duties. The City opposed this because 42 Pa. C.S. § 8550 precluded indemnification where the employee had engaged in willful misconduct. Although the judgment was entered against him for committing the intentional tort of assault, battery, and false imprisonment, our Supreme Court held that Renk was not precluded from indemnification because he may not have intentionally committed these intentional torts. Reversing this court, it ordered that he be indemnified for his money damages. In effect the Supreme Court found that "willful misconduct," as used in 42 Pa. C.S. § 8550 means "willful misconduct aforethought."

*Kuzel v. Krause*, 658 A.2d 856 (Pa. Cmwlth. 1995) (*en banc*).

Initially, we note that Cruz asserts that Peachey is challenging the manner in which the jury was instructed on liability, and that he has waived this argument for failure to do so in his Post-Trial Motion, in his Concise Statement of

Pittsburgh, demanding indemnification pursuant to 42 Pa. C.S. § 8548. A verdict was entered in his favor for the full amount and the City filed a post-trial motion seeking judgment notwithstanding the verdict, which was denied. Our Court reversed the trial court, noting that we enunciated the equation, in *King v. Breach* 540 A.2d 976 (Pa. Cmwlth. 1988) (a case that did not involve police conduct), that willful misconduct is synonymous with "intentional tort" and relied upon that case in holding that Renk was not entitled to indemnification. In *Renk*, the Supreme Court found this equation to be invalid in the context of a lawsuit based upon police conduct, and granted the appeal to consider whether a determination of liability for tortious conduct is the equivalent of a judicial determination of willful misconduct sufficient to preclude indemnification for the payment of a judgment entered in the action.

4

Matters Complained of on Appeal, or in his brief. We reject this argument. To preserve an issue, a party must make a timely objection to the trial court and raise the issue at all relevant times. *Moore v. Moore*, 634 A.2d 163, 166 n.1 (Pa. 1993).

During charging discussions by counsel with the Trial Court on both trial days, Peachey clearly raised his immunity argument, arguing that a police officer could not be found liable absent a jury finding of willful misconduct. On the first day of the two-day trial, during a discussion between the Trial Court and counsel regarding points for charge, Cruz's counsel objected to the inclusion of a requested jury charge for willful misconduct, asserting that Section 8550 of the Tort Claims Act deals not with whether or not a municipal employee can be found liable for tort claims, but rather deals with indemnification; the police officers' counsel countered that willful misconduct was an appropriate charge to give because, he asserted, a court cannot find against a police officer without finding willful misconduct; counsel for Cruz argued that including a charge for willful misconduct would incorrectly elevate the burden of proof and level of intent necessary to prove the stated tort claims. (8/18/15 Trial Transcript, R.R. at 83a-84a.)

On the second and final day of the trial, following Cruz's counsel's closing argument, the Trial Court again held a discussion with counsel as to the proposed verdict sheet. (8/19/15 Trial Transcript, R.R. at 137a-138a.) Counsel for the defendant police officers again argued for a jury charge regarding willful misconduct, and the parties' counsel discussed with the Trial Court the relevance of the Supreme Court's decision in *Renk*, with Cruz's counsel arguing that *Renk* was dispositive because it holds that there are circumstances under which intentional torts can be committed without being done so with willful misconduct. (*Id.*) The police officers' counsel argued that employees have immunity unless

5

they have engaged in willful misconduct and therefore a jury instruction must be included that states that an employee's immunity does not extend to acts that are judicially determined to be crimes, actual fraud, actual malice, or willful misconduct, citing 42 Pa. C.S. § 8550 of the Tort Claims Act. (*Id.*)

This issue was similarly raised in Peachey's Motion for Post-Trial Relief, in his Concise Statement of Matters Complained of on Appeal, and in his brief to this Court. We find no waiver here.

Before this Court, Peachey acknowledges that the jury found that he used excessive force in arresting Cruz and arrested him without probable cause; however, he asserts that *Renk* makes plain that there is no liability without willful misconduct. We disagree. The Supreme Court in *Renk* clearly recognized that a police officer may be held liable for the intentional torts of assault and battery, and therefore not immune from liability, where a jury has determined that the force used in making an arrest was unnecessary or excessive, notwithstanding that jury's determination that the police officer did not intentionally use such unnecessary or excessive force. *Renk*, 641 A.2d at 293-4. Likewise, the Supreme Court in *Renk* acknowledged that a police officer may be held liable for false arrest/imprisonment, and therefore not immune from liability, where a jury has determined that the police officer lacked probable cause to make such arrest, notwithstanding that jury's determination that the police officer did not deliberately make such arrest knowing that he lacked probable cause to do so. *Id.* Cruz contends, correctly, that the interrogatory presented to the jury regarding willful misconduct was issued for the sole purpose of determining whether Peachey might seek indemnification from the City of Philadelphia, and cannot be interpreted as a finding on the issue of immunity. As the Trial Court explained in its Rule 1925(a) Opinion, it purposely separated the group of key issues as to

6

whether Cruz had proven that any of the defendant police officers had committed the intentional torts of assault, battery, false imprisonment and any appropriate damages from the issue of whether Peachey acted with willful misconduct in bringing about Cruz's harm. (Trial Court's Opinion at 6-7.)

Based upon our review of the record in its entirety, we conclude that the jury determined that while Peachey intentionally struck and detained Cruz, he subjectively felt that he could do so under these circumstances. The jury, as trier of fact, was free to draw the conclusion that Peachey's actions, regardless of his subjective belief, were not justifiable in the instant matter. One can have an honest belief that his actions are justified. It is, however, within the jury's province to find that such actions were not justified, despite the actor's belief to the contrary. In such situations, under *Renk*, the trier of fact can find the officer not immune, but nevertheless not so unjustified in his subjective belief as to lose his right to indemnification.

We find no error in the Trial Court's determination to deny Peachey's post-trial motion. Accordingly, we affirm.

_____
**JAMES GARDNER COLINS, Senior Judge**

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Angel Cruz | : |
| | : |
| v. | : No. 1748 C.D. 2015 |
| | : |
| Police Officers MaDonna, | : |
| Robert E. Peachey, and | : |
| Christopher McCue | : |
| | : |
| Appeal of: Police Officer Robert E. | : |
| Peachey | : |

## **O R D E R**

AND NOW this 27th day of January, 2017, the order of the Philadelphia County Court of Common Pleas in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**