# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bronelle Barrett-Lee, : 
        Appellant : 
         : 
        v. : No. 601 C.D. 2018 
         : Argued: March 12, 2019 
City of Chester : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**           **FILED: April 3, 2019**

Bronelle Barrett-Lee (Appellant) appeals from an order of the Court of Common Pleas of Delaware County (trial court), dated March 29, 2018, which granted a motion for summary judgment filed by the City of Chester (the City) and dismissed Appellant's complaint. The trial court reasoned that the exclusivity provision in the Workers' Compensation Act (Act)[1] and/or the governmental immunity provisions of what is commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act)[2] barred Appellant's complaint. We now affirm on the basis of the trial court's opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] 42 Pa. C.S. §§ 8541-8542.

On August 9, 2016, Appellant, a police officer employed by the City's Police Department, filed a complaint with the trial court (Initial Complaint), setting forth allegations arising from an incident that occurred on December 12, 2012 (Incident). In the Initial Complaint, Appellant averred that during the Incident the City, through its employees—*i.e.*, members of the City's Police Department—forced entry into Appellant's home, assaulted her, removed her from her home, and caused her to be involuntarily committed to the crisis center of a hospital.[3] (Reproduced Record (R.R.) at 36a.) Appellant sought monetary damages, alleging that during the Incident the City committed, *inter alia*, various intentional torts and violations of Appellant's civil rights under the United States Constitution and Pennsylvania Constitution. (*Id*. at 15a.) As a result of the Incident, Appellant filed a claim for workers' compensation benefits and received an award of benefits.

Pursuant to 28 U.S.C. § 1441(a), the City removed the action to the United States District Court for the Eastern District of Pennsylvania (district court).[4] (*Id*. at 22a.) The City, thereafter, moved to dismiss the Initial Complaint.[5] (*Id*. at 45a n.1.) In response, Appellant filed an amended complaint (Amended

---

[3] The City contends that the City's Police Department initiated these actions based on concerns for the safety of Appellant and her family. (Reproduced Record (R.R.) at 47a, 49a.)

[4] 28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[5] The City's motion to dismiss the Initial Complaint is not in the reproduced record or original record.

2

Complaint), withdrawing all federal claims and placing all allegations under one count, "Intentional, Reckless, and/or Wanton Actions."[6] (*Id.* at 45a n.1, 82a.) The City filed another motion to dismiss and requested that the district court remand the case to the trial court. (*Id.* at 45a n.1.) The district court granted the City's request and remanded the case to the trial court. (*Id.* at 45a.)

The City filed a motion for judgment on the pleadings with the trial court, arguing that the state law tort claims in the Amended Complaint must be dismissed for two reasons: (1) no private right of action exists for monetary damages based on violations of the Pennsylvania Constitution; and (2) Appellant's claims are barred by the immunities granted to the City by the Tort Claims Act. (*Id.* at 56a-58a.) The trial court denied the City's motion for judgment on the pleadings. (*Id.* at 184a.)

Subsequently, the City filed a motion for summary judgment, arguing the same points discussed in its motion for judgment on the pleadings along with a new argument that Appellant is also immune from liability pursuant to Section 303(a) of the Act.[7] (*Id.* at 201a.) The trial court granted the City's motion for summary judgment, concluding that the immunity provision of the Act and/or the governmental immunity provisions of the Tort Claims Act bar Appellant's claims. (*Id.* at 547a.) The trial court further concluded that Appellant's claim for

---

[6] The Amended Complaint alleges that the City (through the actions of its employees) engaged in intentionally, recklessly, and/or wantonly tortious behavior at the time of the Incident by committing the following acts: (1) tortious invasion of Appellant's privacy and home; (2) defamation; (3) false imprisonment; (4) assault and battery; (5) creating an unsafe work environment; (6) violating various privacy and due process rights under the Pennsylvania Constitution; (7) failing to control its employees; and (8) failing to manage the Incident professionally. (R.R. at 83a.) The Amended Complaint seeks to impose liability based on the doctrine of respondeat superior and/or vicarious liability. (*Id.*)

[7] 77 P.S. § 481.

3

monetary damages based on alleged violations of the Pennsylvania Constitution are without merit because no private right of action exists for monetary damages based on violations of the Pennsylvania Constitution. (*Id*. at 577a.)

On appeal,[8] Appellant argues that the trial court erred in concluding that her claims are barred by Section 303(a) of the Act, because at the time of the Incident the City treated Appellant as a member of the public and not as a police officer; therefore, under the dual capacity doctrine, the City's actions subject it to liability outside of the Act. Appellant also posits that the trial court erred in concluding that the Tort Claims Act bars her claims because the City's conduct during the Incident constituted willful misconduct.

This Court agrees with the trial court's decision and further concludes that the opinion of the Honorable Chad F. Kenney, issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), thoroughly discusses and properly disposes of the arguments raised on appeal to this Court. As such, we adopt the analysis in his opinion, filed June 25, 2018, for purposes of appellate review. Accordingly, we affirm the trial court's order on the basis of the attached trial court opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) in *Bronelle Barrett-Lee v. City of Chester*, Delaware County, No. 2014-010826, filed June 25, 2018.[9]

---

[8] This Court's standard of review for an appeal from a trial court's order granting or denying summary judgment is *de novo*, and our scope of review is plenary. *Pyeritz v. Cmwlth.*, 32 A.3d 687, 692 (Pa. 2011). Summary judgment is properly entered when, "after examining the record in the light most favorable to the non-moving party, and resolving of all doubts as to the existence of a genuine issue of material fact against the moving party, the moving party is clearly entitled to judgment as a matter of law." *Id*.

[9] The trial court properly addressed the issue of whether the Tort Claims Act bars Appellant's claims. To the extent that the trial court did not analyze whether Section 8550 of the Judicial Code, 42 Pa. C.S. § 8550, applies to abrogate the governmental immunity that the Tort

4

_____

P. KEVIN BROBSON, Judge


Judge Fizzano Cannon did not participate in the decision of this case.

_____

Claims Act provides to the City, we note that Section 8550 does not operate as an exception to the Tort Claims Act. *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014). Rather, it only applies to abrogate immunity defenses provided to local agency *employees*, not local agencies themselves. *Kuzel v. Krause*, 658 A.2d 856, 859 (Pa. Cmwlth. 1995). Here, Appellant filed her action against only the City and not against any employees of the City. Accordingly, Section 8550 is inapplicable.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bronelle Barrett-Lee,           :
            Appellant      :
                             :
          v.               :   No. 601 C.D. 2018
                             :
City of Chester             :

# O R D E R

AND NOW, this 3rd day of April, 2019, the order of the Court of Common Pleas of Delaware County is hereby AFFIRMED. The Court adopts the analysis of the Honorable Chad F. Kenney in his opinion, issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), in *Bronelle Barrett-Lee v. City of Chester*, Delaware County, No. 2014-010826, filed June 25, 2018.

<br>

P. KEVIN BROBSON, Judge