IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas M. Bolick and   :
Eileen B. Bolick,     :
    Appellants   :
         :
   v.      :
         :
Northeast Industrial Services  :
Corporation, William R. Williams, :
Jeff Kurtz, Individually and d/b/a :
Jeff's Recycling, Mount Carmel :
Borough and Edward T. Cuff, III, :
Manager, Northumberland County and : No. 443 C.D. 2019
The News Item and Don E. Bower, Inc. : Submitted: January 15, 2021


BEFORE: HONORABLE P. KEVIN BROBSON, President Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON   FILED: August 18, 2021


    Thomas M. Bolick and Eileen B. Bolick (Bolicks) appeal *pro se* from the December 31, 2018, Order of the Court of Common Pleas of Northumberland County (trial court), which sustained Appellees' Preliminary Objections to the Bolicks' Third Verified Amended Complaint (Complaint) and dismissed the Complaint. Upon review, we affirm in part, vacate in part, and remand for further proceedings.

## I. Factual & Procedural Background

On January 27, 2017, the Bolicks filed a praecipe for writ of summons in the trial court commencing unspecified civil actions against Appellees. Reproduced Record (R.R.) at 1a. On July 14, 2017, the Bolicks filed their third and final amended version of the Complaint. Supplemental Reproduced Record of Appellee Northumberland County (S.R.R.) at 2b-42b.

Appellees are Northeast Industrial Services Corporation and its owner, William R. Williams (together, Northeast Industrial), Jeff Kurtz and Jeff's Recycling (together, Kurtz), Mount Carmel Borough (Borough) and its borough manager, Edward T. Cuff, III (Cuff), Northumberland County (County), Don E. Bower, Inc. (Bower), and The News Item newspaper (The News Item). Complaint ¶¶ 9-16; S.R.R. at 4b-5b.

The Complaint arises from the Bolicks' allegations that the Borough and County, in association with contractors Northeast Industrial, Kurtz, and Bower, wrongfully appropriated and demolished the Bolicks' residential and personal property located in the Borough within the County. The Bolicks maintained that Appellees collectively and in bad faith committed: an unlawful taking; constitutional violations sounding in due process, equal protection, and illegal search and seizure; torts including trespassing, fraud, invasion of privacy, conversion, civil conspiracy, battery, and interference with the Bolicks' mail; and violations of various additional civil and property rights (real, personal, reputational, and intellectual). Complaint ¶¶ 32, 43, 47-49, 109 & 281; S.R.R. at 7b, 10b-11b, 19b & 42b. The Bolicks maintained that the violations were ongoing and replete with numerous "overt acts . . . that continually restarted the conspiracy period." Complaint ¶¶ 172-74; S.R.R. at 27b-28b.

2

The Bolicks also asserted a claim of defamation against The News Item concerning stories printed in March 2014 and March 2015 about Mr. Bolick's past and present lawsuits. Complaint ¶¶ 53-92; S.R.R. at 11b-17b. The Bolicks argue that these stories included numerous false statements, omissions, and distortions of facts that The News Item published knowingly and in bad faith. Complaint ¶¶ 53-92; S.R.R. at 11b-17b.

The Bolicks acknowledged that many of their allegations were previously addressed in a federal suit (the federal action). Complaint ¶ 35; S.R.R. at 8b. In the federal action, the Bolicks filed a *pro se* complaint in the United States District Court for the Middle District of Pennsylvania (federal district court) on March 5, 2014, alleging various claims under federal and state law against multiple defendants, including all of the present Appellees except Bower. *See Bolick v. Ne. Indus. Servs. Corp.*, No. 4:14-cv-00409, 2015 WL 12912455 (M.D. Pa. Dec. 9, 2015) (*Bolick I*); S.R.R. at 164b-66b.

United States Magistrate Judge Karoline Mehalchick recommended that the Bolicks' federal law claims be dismissed for failure to state a claim. *Bolick I*, slip op. at 32; S.R.R. at 195b. The Magistrate Judge further recommended that the Bolicks' remaining state law claims be dismissed without prejudice to allow the Bolicks to refile them in state court. *Id.* (citing 28 U.S.C. § 1367(c)(3)).[1] The federal district court adopted the Magistrate Judge's recommendations, and the United States Court of Appeals for the Third Circuit affirmed. *Bolick v. Ne. Indus. Servs. Corp.*, No. 4:14-cv-00409, 2016 WL 9223858 (M.D. Pa. Apr. 21, 2016) (*Bolick II*), *aff'd*, No. 16-2463, 2016 WL 6804922 (3d Cir. Nov. 17, 2016) (*Bolick III*); S.R.R.

---

[1] "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if [] the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).

at 198b-99b & 202b-12b. The Third Circuit issued its certified judgment in lieu of a formal mandate on December 28, 2016. S.R.R. at 213b. As noted, the Bolicks instituted the present action in the trial court on January 27, 2017, the contours of which were subsequently developed in the Complaint. R.R. at 1a; S.R.R. at 2b-42b.

In response to the Complaint, Appellees filed various responsive pleadings. The News Item and Bower each filed an answer with new matter. R.R. at 56a-94a & Original Record (O.R.) #35 Ex. C. The Borough, County, Northeast Industrial, and Kurtz all filed preliminary objections. R.R. at 99a-104a, 127a-34a, 152a-57a, & 189a-90a.

After holding oral argument, the trial court issued a December 31, 2018, Order collectively sustaining the various preliminary objections and dismissing the Complaint. R.R. at 276a-77a & n.1. The trial court held that the Bolicks' claims against the Borough and County were barred by the immunity provisions of what is commonly knowns as the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541-8542 (Tort Claims Act). *Id*. The trial court also held that the Bolicks' claims against all Appellees were untimely; the court concluded the relevant statutes of limitations were not tolled during the pendency of the federal action because the Bolicks did not properly transfer their claims from the federal court to the trial court as required by 28 U.S.C. § 1367(d).[2] *Id*. at 276a-77a. The trial court did not distinguish between the Appellees that filed preliminary objections (Northeast Industrial, Kurtz, the Borough, and the County), and those that filed answers with new matter but not preliminary objections (The News Item and Bower). *See id*.

---

[2] "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d).

4

Upon the Bolicks' appeal to the Superior Court, the trial court relied on the reasons set forth in its Order rather than issuing a formal opinion. R.R. at 323a. The Superior Court transferred the matter to this Court based on the Bolicks' claims against the County and the Borough, over which this Court has exclusive appellate jurisdiction. Superior Court Order, 4/16/19; O.R. #53.

## II. Discussion

### A. The News Item's Answer & New Matter

The News Item filed an answer and new matter in response to the Bolicks' Complaint. R.R. at 56a-94a. The answer generally refuted the Bolicks' defamation allegations associated with articles the newspaper published in 2014 and 2015 concerning the events at issue in this matter. *Id*. at 56a-92a. In its new matter, The News Item averred that the Bolicks failed to state a claim upon which relief may be granted, that the articles in question caused the Bolicks no compensable harm, that the articles were constitutionally protected, and that the Bolicks' claims against it were barred by the applicable statute of limitations. R.R. at 93a-94a.

In its brief, The News Item asserts generally that because it was not sued in state court until January 27, 2017, the one-year statute of limitations for defamation claims had elapsed as to the 2014 and 2015 articles and the Bolicks' claims against it were time-barred. The News Item's Br. at 5. The News Item argues that although it raised the statute of limitations affirmative defense in an answer and new matter, the trial court properly dismissed the claims against it in association with the preliminary objections raised by other Appellees because the defense was clear on the face of the Complaint. *Id*.

The Bolicks respond that the trial court erred when it dismissed The News Item along with other Appellees that had filed preliminary objections. Bolicks' Br. at 27. We agree. Pennsylvania Rule of Civil Procedure Number 1030(a) states that "all affirmative defenses including but not limited to the defenses of . . . statute of limitations . . . shall be pleaded in a responsive pleading under the heading 'New Matter[.]'" Pa.R.C.P. No. 1030(a).

Here, The News Item correctly cites the premise that the trial court may address a statute of limitations defense at the preliminary objection stage if the defense is clear on the face of the pleadings. *Scavo v. Old Forge Borough*, 978 A.2d 1076, 1078 (Pa. Cmwlth. 2009). However, that relief is only available when the party asserting the defense has actually filed preliminary objections. *Id.* The News Item filed only an answer and new matter; it did not file preliminary objections on its own behalf.

Preliminary objections raise "dispositive legal and factual questions" in a manner that makes such issues ripe for appellate consideration. *In re Dep't of Transp., of the Right of Way for State Route 0202, Section 701*, 871 A.2d 896, 902 (Pa. Cmwlth. 2005). By contrast, an answer with new matter, the purpose of which is to "frame concisely definite and distinct issues for trial of the cause," does not itself serve as a mechanism to seek relief directly from the court. *Rodes v. Anckaitis*, 279 A.2d 782, 783 (Pa. Cmwlth. 1971).

Because The News Item did not file preliminary objections or, more appropriately, a motion for judgment on the pleadings or motion for summary judgment, asking the trial court for the relief it seeks, it would be premature for this Court to grant that relief. To the extent the trial court's order dismissed the Bolicks'

6

cause of action as to all Appellees, we therefore reverse as to The News Item and remand to the trial court for further proceedings consistent with this decision.

## B. Bower's Answer & New Matter

Bower's answer generally disputes the Bolicks' allegations with regard to its role as general contractor for the flood control project, which Bower asserts it did not assume until March 2013, a year after the events that underlie the Complaint. Bower's Answer & New Matter ¶¶ 1-283; O.R. #35 Ex. C. In its new matter, Bower asserts that the Bolicks have failed to state a claim upon which relief may be granted, that Bower's actions did not cause the Bolicks to sustain compensable harm, and that the Bolicks' claims are barred by laches and the applicable statute of limitations. *Id*. ¶¶ 284-97.

In its brief, like The News Item, Bower acknowledges that it did not file preliminary objections, but argues that because the applicability of the statute of limitations defense is clear from the Complaint, the trial court did not err in dismissing all parties on the other Appellees' preliminary objections that did raise the defense. Bower's Br. at 9-11. The Bolicks respond, as they did with regard to The News Item, that the trial court erred when it dismissed Bower along with other Appellees that had filed preliminary objections. Bolicks' Br. at 27. For the same reasons given above, we agree. Because Bower did not file preliminary objections or, more appropriately, a motion for judgment on the pleadings or motion for summary judgment, asking the trial court for the relief it seeks, it would be premature for this Court to grant that relief. To the extent the trial court's order dismissed the Bolicks' cause of action as to all Appellees, we therefore reverse as to Bower and remand to the trial court for further proceedings consistent with this decision.

7

### C. Northeast Industrial's Preliminary Objections

Northeast Industrial asserted in its preliminary objections that the Bolicks' claims against it, all of which sounded in tort and were based on the events of March 2012, were time-barred by the time the Bolicks filed in state court in January 2017 because the Bolicks failed to toll the statute of limitations during the federal action.[3]  R.R. at 133a-34a.[4]

Northeast Industrial explains in its brief that the Bolicks' January 2017 filing in state court was untimely because the Bolicks failed to follow the statutory procedures, including specific documentary filing requirements, for tolling the statutes of limitations of state law claims brought in the context of a federal action where the federal court may determine that it has no jurisdiction over the state law claims.  Northeast Industrial's Br. at 8-13.  The Bolicks respond in their brief that they timely filed their state court action after their federal action was dismissed.  Bolicks' Br. at 41-42 & 63-67.

As discussed above, the statute of limitations is an affirmative defense, and as such, it is properly raised in an answer and new matter, not by way of a

---

[3] When reviewing a trial court's order sustaining preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary.  *Young v. Estate of Young*, 138 A.3d 78, 84-85 (Pa. Cmwlth. 2016).  Preliminary objections may be sustained when, based on the facts pled, it is clear that the plaintiff will be unable to establish a right to relief.  *Id*.  All well-pled material facts alleged in the complaint, and the inferences fairly deducible therefrom, must be accepted as true.  *Id*.  However, conclusions of law, argumentative allegations, expressions of opinion and unwarranted inferences need not be accepted.  *Id*.

[4] Northeast Industrial also asserted that the Bolicks' state law claims and issues were precluded because they were addressed and found meritless in the federal action in the context of the Bolicks' constitutional claims.  R.R. at 131a-33a.  Therefore, Northeast Industrial argued that the Bolicks should not be given a "second bite at the apple" in state court.  *Id*.  For purposes of this appeal, we focus on Northeast Industrial's preliminary objection raising the statute of limitations defense and do not reach Northeast Industrial's alternative argument.

preliminary objection. Pa.R.C.P. No. 1030(a). In order to challenge an improper preliminary objection asserting the statute of limitations defense, the opposing party "is required to file preliminary objections to preliminary objections challenging this procedural irregularity, and the failure to do so waives the right to object to the form of the pleading." *Ferguson Elec. Co. v. Dep't of Gen. Servs.*, 3 A.3d 681, 688 (Pa. Cmwlth. 2010) (citing *Duquesne Slag Prods. Co. v. Lench*, 415 A.2d 53 (Pa. 1980); *Stilp v. Commonwealth*, 910 A.2d 775 (Pa. Cmwlth. 2006)).

Here, procedurally, the Bolicks filed an "opposition" to Northeast Industrial's preliminary objections maintaining that they timely filed the current matter in state court within 30 days after the federal action was dismissed. R.R. at 141a-42a. The Bolicks' filing was not styled as preliminary objections to Northeast Industrial's preliminary objections. Moreover, the Bolicks' filing did not challenge Northeast Industrial's having raised the statute of limitations defense in preliminary objections in contravention of Rule 1030(a). Instead, the Bolicks' response assailed Northeast Industrial's preliminary objections as vague, overly broad, meritless, and dilatory. *Id*. at 142a-43a. Therefore, pursuant to *Ferguson Electric*, the Bolicks waived any challenge to Northeast Industrial's procedural impropriety. The trial court did not err in considering and ruling on Northeast Industrial's preliminary objection raising the statute of limitations defense, and the court's decision to sustain those preliminary objections is properly before us.

28 U.S.C. § 1367(d) suspends statutes of limitations for state law claims brought in a federal action that the federal court may consider pursuant to supplemental jurisdiction principles. *See Davis v. Commonwealth*, 660 A.2d 157, 161-62 (Pa. Cmwlth. 1995). If the federal court ultimately declines to exercise supplemental jurisdiction and dismisses the state law claims, those claims may be

9

transferred to state court within 30 days, and would be considered as if they had been originally and timely filed in state court on the same date as they were filed in the federal court. *Id*.

The provision of 28 U.S.C. § 1367(d) is implemented in Pennsylvania by 42 Pa.C.S. § 5103(b) ("Transfer of erroneously filed matters"). *See Lynn v. Aria Health Sys.*, 227 A.3d 22, 36 (Pa. Super. 2020) ("Section 5103 thus addresses the procedure by which a litigant may transfer, to state court, a matter that was erroneously filed in federal court."). Section 5103(b) provides:

> (b) Federal cases.--
>
> (1) . . . . Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).
>
> (2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court *and the related pleadings* in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or district justice may require that they be amended to conform to the practice in this Commonwealth.

42 Pa.C.S. § 5103(b)(1), (2) (emphasis added). "The stated policy behind this section is to preserve a claim or cause of action timely filed in federal court on the ground that claimant should not lose her opportunity to litigate the merits of the

claim simply because she erred regarding federal jurisdiction." *Commonwealth v. Lambert*, 765 A.2d 306, 320 (Pa. Super. 2000).[5]

Because the General Assembly did not write a specific time period into Section 5103(b), our Superior Court created a general "promptness" requirement for compliance. *Williams v. F.L. Smith Mach. Co.*, 577 A.2d 907, 910 (Pa. Super. 1990) ("[I]n order to protect the timeliness of an action under [Section] 5103, a litigant, upon having his case dismissed in federal court for lack of jurisdiction, must promptly file a certified transcript of the final judgment of the federal court and, at the same time, a certified transcript of the pleadings from the federal action.").[6] If a plaintiff fails to promptly comply, Section 5103(b)'s grant of otherwise untimely access to state court will be forfeited and a statute of limitations defense will be upheld. *Collins v. Greene Cnty. Mem'l Hosp.*, 615 A.2d 760, 763 (Pa. Super. 1992) (failure to comply "subverts the policies underlying the statute of limitations, and undermines the speedy and efficient processes of justice").

In *Williams*, the plaintiffs filed a new complaint in state court within 30 days of the federal court dismissal but did not perfect their filing with certified copies of the final judgment and pleadings from the federal action until seven months later. 577 A.2d at 908. The trial court dismissed the plaintiffs' action as time-barred, but

---

[5] The application of 28 U.S.C. § 1367(d) and 42 Pa.C.S. § 5103(b) in Pennsylvania has largely been shaped by the Superior Court. While not binding on this Court, Superior Court decisions "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[6] In *Williams v. F.L. Smith Machine Co.*, 577 A.2d 907, 909 n.1 (Pa. Super. 1990), the Superior Court asked the General Assembly to provide a timeline for plaintiffs to comply with Section 5103. In *Kelly v. Hazleton General Hospital*, 837 A.2d 490, 96 (Pa. Super. 2003), the Superior Court observed that the point remained unresolved by the Legislature. We also note that the issue remains unresolved and agree that a defined time limit for compliance would provide certainty and clarity to the bench, bar, and unrepresented litigants tasked with transferring litigation to our courts after jurisdictional dismissals at the federal level.

11

the Superior Court reversed, explaining the need for lenience in light of the previous lack of guidance on Section 5103(b). *Id*. at 910. The *Williams* Court warned, however, that going forward, compliance with Section 5103(b) would be mandatory and "incumbent upon the litigant," and that simply filing a new complaint without the requisite certified federal documentation would not be sufficient to effectuate the transfer. *Id*. at 909-10 ("The litigant shall not file new pleadings in state court.").

The Superior Court has consistently required compliance with the promptness requirement of *Williams*. *See Chris Falcone, Inc. v. Ins. Co. of State of Pa.*, 907 A.2d 631, 639-40 (Pa. Super. 2006) (rejecting ten-month delay between initial filing with state court and compliance with Section 5103(b)); *Kelly v. Hazleton Gen. Hosp.*, 837 A.2d 490, 495-96 (Pa. Super. 2003) (rejecting nine-month delay; "counsel has no excuse for failing to satisfy the promptness requirement we long ago read into the statute"); *Ferrari v. Antonacci*, 689 A.2d 320, 323 (Pa. Super. 1997) (rejecting fourteen-month delay); *Collins*, 615 A.2d at 762 (rejecting seven-month delay).

These cases demonstrate that merely filing a new case in our courts, even if done within 30 days after dismissal by the federal court, will not be sufficient to suspend statutes of limitations unless the plaintiff also promptly complies with Section 5103(b)'s express documentation requirements. Further, a plaintiff's non-compliance with Section 5103(b) is fatal even if the defendant has not sustained any prejudice. *Chris Falcone, Inc.*, 907 A.2d at 640 ("Prejudice is not the controlling concern in this circumstance. The key . . . is conformity with the statutory requirements, which are not onerous in light of the protection the statute affords."). Our courts have refused to condone "manifest indifference to Section 5103's

12

procedural requirements," even if the result is to deprive some plaintiffs of their day in court.[7] *Kelly*, 837 A.2d at 496.

This Court adopted the Superior Court's promptness requirement in *Kurz v. Lockhart*, 656 A.2d 160, 163-64 (Pa. Cmwlth. 2005). In *Kurz*, the plaintiffs filed a new action in state court within one year after dismissal of their federal action. *Id*. at 161. They argued that their state law claims were terminated prior to decision at the federal level and therefore were subject to the one-year time period set forth in 42 Pa.C.S. § 5535. *Id*. at 162. This Court disagreed, concluding that the plaintiffs' state law claims were in fact dismissed by the federal court for lack of jurisdiction. *Id*. at 163. Therefore, the plaintiffs were bound to transfer their claims to state court promptly and in compliance with Section 5103(b); their failure to do so was fatal. *Kurz*, 656 A.2d at 163-64 (citing and adopting reasoning of *Collins*).

Since *Kurz*, we have shared the Superior Court's requirement of prompt and full compliance with Section 5103(b). In *Oleski v. Department of Public Welfare*, 822 A.2d 120 (Pa. Cmwlth. 2003), the plaintiff's case had been filed in state court, removed to federal court by the defendants, and then dismissed by the federal court on jurisdictional grounds. *Id*. at 125. When the plaintiff returned to state court, he filed a certified copy of the federal court's dismissal order within thirty days but failed to file certified copies of the federal pleadings. *Id*. A divided panel of this Court permitted revival of the plaintiff's state court action over the defendant's statute of limitations defense only because the original complaint was

---

[7] The Bolicks appeared before the trial court *pro se*, and they do so again here. *Pro se* litigants are subject to the same rules as counseled litigants and assume the same risks of noncompliance with statutory requirements, up to and including dismissal of their cases. *See, e.g.*, *Green v. Harmony House N. 15th St. Hous. Ass'n, Inc.*, 684 A.2d 1112, 1114 (Pa. Cmwlth. 1996).

13

already in the state court record.[8] *Id.* at 126. *Oleski* shows the importance in this context of the need for the original pleadings from the federal (or prior) action to be lodged with the state court.

In *Lucas v. Department of Transportation* (Pa. Cmwlth., No. 2667 C.D. 2010, filed Sept. 15, 2011), 2011 WL 10878985 (unreported),[9] the plaintiff filed a new action in state court four months after his federal action was dismissed and never filed the certified documentation from the federal action. *Id.*, slip op. at 1-4, 2011 WL 10878985, at *1-2. This Court rejected the plaintiff's contention that his failure to comply with Section 5103(b) was a mere procedural error and granted the defendant's preliminary objection raising the statute of limitations, explaining:

> [The plaintiff] did not merely violate a rule of civil procedure. Instead, he failed to comply with the clear and mandatory statutory requirements set forth in Section 5103 of the Judicial Code. The courts are bound by the laws of this Commonwealth. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Therefore, [the plaintiff's] claim that his cause of action filed with the trial court is protected by the federal filing date of July 24, 2008, is meritless.

*Id.*, slip op. at 7, 2011 WL 10878985, at *4 (citation omitted).

By contrast, in *Metzger v. Pike County* (Pa. Cmwlth., No. 432 C.D. 2012, filed Dec. 13, 2012), slip op. at 27-28, 2012 WL 8677732, at *13-14 (unreported), the plaintiff filed a new complaint in state court within 30 days of the federal court's dismissal and ultimately perfected the transfer five months later with

---

[8] Here, by contrast, the Bolicks filed their original complaint in the federal court, so those original pleadings were not before the trial court.

[9] This unreported panel decision is cited for its persuasive value pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

14

the certified federal court documentation. This Court found sufficient diligence and compliance with Section 5103(b) to allow the plaintiff's case to proceed over the defendant's assertion of the statute of limitations defense. *Id.*

Here, based on the Complaint, the last date on which the alleged events and actions by Northeast Industrial occurred was March 16, 2012. Complaint ¶ 32; S.R.R. at 7b-8b. The Bolicks' state law claims sounding in tort concerning their real and personal property (trespass, interference with enjoyment of real property, fraud and deceit, conversion, civil conspiracy) and for personal injury (battery) were subject to a two-year statute of limitations. 42 Pa.C.S. § 5524(1)-(4), (7). These claims would therefore have expired on or about March 16, 2014. When the Bolicks commenced the federal action on March 5, 2014, they did so with only 11 days to spare on these claims. Pursuant to 28 U.S.C. § 1367(d), the Bolicks' filing of the federal action suspended the statutes of limitations on the state law claims through December 28, 2016, when the Third Circuit issued its final judgment upholding the federal district court's dismissal of the action. The Bolicks then had an additional 30 days under 28 U.S.C. § 1367(d) to transfer the matter to state court. *Davis*, 660 A.2d at 161-62.

The Bolicks' January 27, 2017, filing of their praecipe for writ of summons occurred within 30 days as set forth in 28 U.S.C. § 1367(d). However, to perfect the transfer, the Bolicks were also required to comply with Section 5103(b) by promptly filing certified copies of the federal pleadings and final judgment with the trial court. 42 Pa.C.S. § 5103(b); *Kurz*; *Williams*. They never did so. Certified copies of the federal action pleadings and judgment were neither attached to the Complaint nor separately filed with the trial court by the Bolicks at any time.

15

Well over four years have now elapsed since the Third Circuit's dismissal of the federal action and nothing in the record suggests that the Bolicks ever complied with Section 5103(b). They did include in the Complaint an averment purporting to incorporate the federal pleadings by reference. Complaint ¶ 180; S.R.R. at 29b. However, that statement was insufficient to meet the express requirements of Section 5103(b), which are "not onerous in light of the protection the statute affords" from having state law claims time-barred after a federal dismissal. *Chris Falcone, Inc.*, 907 A.2d at 640. In the absence of compliance with Section 5103(b), the Bolicks did not perfect the transfer from federal court merely by filing their praecipe for writ of summons with the trial court within 30 days of the federal dismissal. *See id.* at 639-40 ("Appellant did not properly transfer its federal case simply by filing a new complaint in state court.").

Because the Bolicks never perfected the transfer by complying with Section 5103(b), they cannot avail themselves of the tolling protections afforded by 28 U.S.C. § 1367(d). Accordingly, their state law tort claims sounding in trespass, interference with enjoyment of real property, fraud and deceit, conversion, civil conspiracy, and battery, which were subject to two-year time limitations, reverted to their original expiration dates of March 16, 2014, which had long since elapsed by the time the Bolicks filed their praecipe for writ of summons with the trial court on January 27, 2017. Therefore, the trial court did not err when it concluded those claims were time-barred and sustained the preliminary objections of Northeast Industrial on those grounds.

16

**D. Kurtz's Preliminary Objections**

Kurtz also filed a preliminary objection asserting the statute of limitations defense.[10] R.R. at 157a. Kurtz advised this Court by letter that it would not file a brief in this matter. The Bolicks argue in their brief that they timely filed their state court action after their federal action was dismissed. Bolicks' Br. at 41-42 & 63-67.

As discussed above, the statute of limitations is an affirmative defense, and as such, it is properly raised in an answer and new matter, not by way of a preliminary objection. Pa.R.C.P. No. 1030(a). However, in order to challenge an improper preliminary objection asserting a defense of the statute of limitations, the opposing party "is required to file preliminary objections to preliminary objections challenging this procedural irregularity, and the failure to do so waives the right to object to the form of the pleading." *Ferguson Elec.*, 3 A.3d at 688.

Here, procedurally, the Bolicks filed an "opposition" to Kurtz's preliminary objections in which they maintained that they timely filed their complaint in state court within 30 days of the dismissal of their federal action. R.R. at 166a-67a. The Bolicks' "opposition" filing was not styled as preliminary objections to the preliminary objections filed by Kurtz. Moreover, the Bolicks' filing did not challenge Kurtz's having raised the statute of limitations defense in preliminary objections in contravention of Rule 1030(a). Instead, the Bolicks' response assailed Kurtz's preliminary objections as vague, overly broad, meritless, and dilatory. R.R. at 168a-69a. Therefore, pursuant to *Ferguson Electric*, the Bolicks waived any challenge to Kurtz's procedural impropriety. The trial court did

---

[10] Kurtz also argued, as did Northeast Industrial, that the Bolicks' claims were precluded by the federal action. R.R. at 156a-57a. For purposes of this appeal, we focus on Kurtz's preliminary objection raising the statute of limitations defense and do not reach Kurtz's alternative argument.

17

not err in considering and ruling on Kurtz's preliminary objection raising the statute of limitations defense, and the court's decision to sustain those preliminary objections is properly before us.

For the same reasons set forth with regard to Northeast Industrial, the Bolicks' tort claims against Kurtz are time-barred. Although the Bolicks filed their praecipe for writ of summons with the trial court within 30 days of the dismissal of the federal action, which satisfied 28 U.S.C. § 1367(d), they failed to comply with the documentary requirements of Section 5103(b). Therefore, the Bolicks never properly transferred their state law claims against Kurtz from the dismissed federal action to the trial court. As a result, the Bolicks forfeited the benefit of 28 U.S.C. § 1367(d), which suspends a state statute of limitations for claims brought before a federal court and then dismissed for lack of jurisdiction.

Accordingly, the Bolicks' state law tort claims against Kurtz associated with the events up to and including March 16, 2012, which were subject to two-year time limitations, reverted to their original expiration date of March 16, 2014. The limitations periods for those claims had long since elapsed by the time the Bolicks filed their praecipe for writ of summons with the trial court on January 27, 2017. Therefore, the trial court did not err when it concluded those claims were time-barred and sustained Kurtz's preliminary objections on those grounds.

### E. County's Preliminary Objections

The County's preliminary objections did not raise the statute of limitations defense. However, the County did assert that the Bolicks' tort claims

18

against it were barred by the governmental immunity pursuant to the Tort Claims Act.[11] R.R. at 103a-04a.

In its brief, the County argues that the Bolicks' claims against it sound in intentional torts such as conversion, conspiracy, and trespass. County's Br. at 10-11. The County points out that the Tort Claims Act renders it immune from these claims and that the Bolicks have not lodged any claims against it sounding in the kind of negligence for which the Tort Claims Act would not provide immunity. *Id*. The Bolicks respond that the County should not be immune from suit in tort for its alleged role in the events of March 2012 because the County acted in cooperation with Northeast Industrial and Kurtz, who carried out the demolition. Bolicks' Br. at 32. According to the Bolicks, the County is jointly liable with those entities for the damages the Bolicks have sustained. *Id*.

The Tort Claims Act provides governmental immunity from suit in tort to local agencies, political subdivisions and their employees: "[N]o local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa.C.S. § 8541.

However, the Tort Claims Act abrogates immunity for certain categories of claims. Section 8542(a) states:

> (a) Liability imposed.--A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if *both of the*

---

[11] The County also asserted that the Bolicks' claims against it were precluded because they were addressed and found meritless in the federal action in the context of the Bolicks' claims asserting various violations of the U.S. Constitution. R.R. at 102a-03a. For purposes of this appeal, we focus on the County's preliminary objection raising the defense of governmental immunity and do not reach the County's alternative argument.

19

*following conditions are satisfied* and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the *negligent acts* of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa.C.S. § 8542(a) (emphasis added). Section 8542(b) lists eight circumstances when liability may attach to a local governmental entity, including damage to personal and real property within the entity's care, custody, and control, but these are not applicable if a claim sounds in intentional tort. *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2016); *see also Zernhelt v. Lehigh Cnty. Off. of Child. & Youth Servs.*, 659 A.2d 89, 90 (Pa. Cmwlth. 1995). Therefore, in order to defeat an asserted defense of governmental immunity, a plaintiff must show that the local governmental entity owes a duty of care and that the asserted injury was caused by the negligent act of the local governmental agency, or an employee thereof. *Sellers v. Twp. of Abington*, 106 A.3d 679, 688 (Pa. 2014); *Geier v. Bd. of Pub. Educ. of the Sch. Dist. of Pittsburgh*, 153 A.3d 1189, 1194 (Pa. Cmwlth. 2017).

Procedurally, like the statute of limitations defense, governmental immunity is an affirmative defense that must be raised in the context of an answer and new matter. Pa.R.C.P. No. 1030(a). However, a party may raise the defense as

20

a preliminary objection "where it is clearly applicable on the face of the complaint; that is, that a cause of action is made against a governmental body and it is apparent on the face of the pleading that the cause of action does not fall within any of the exceptions to governmental immunity." *Orange Stones*, 87 A.3d at 1022. Second, "where a party erroneously asserts an immunity defense in a preliminary objection, the failure of the opposing party to file a preliminary objection to the defective preliminary objection in the nature of a motion to strike for lack of conformity to law waives the procedural defect and allows the trial court to rule on the immunity defense." *Id*. Merely objecting to the immunity defense in a "*response* to the preliminary objections" without filing a formal preliminary objection to strike the other side's preliminary objection is insufficient. *Id*. (emphasis in original).

Here, procedurally, as the Bolicks did with regard to the other Appellees, they filed an "opposition" to the County's preliminary objection raising the defense of governmental immunity but did not formally file preliminary objections to the County's preliminary objections. R.R. 107a-18a. Pursuant to *Orange Stones*, this alone rendered the County's governmental immunity defense viable before the trial court because there is no question that the defense is implicated in the Complaint, which expressly names the County as a defendant and avers that the County is liable for damages sustained by the Bolicks. *See, e.g.*, S.R.R. at 3b, 5b, 8b, 10b & 16b. Moreover, the Bolicks' response assailed the merits of the County's assertion of the governmental immunity defense but failed to challenge the County's procedural impropriety in raising the defense in preliminary objections in contravention of Rule 1030(a). Therefore, the Bolicks waived any such challenge, the trial court did not err in ruling on the County's preliminary objections raising the

21

governmental immunity defense, and the question is properly before this Court. *Orange Stones*, 87 A.3d at 1022.

On the merits, as noted above, governmental entities are immune from allegations of intentional torts. *Orange Stones*, 87 A.3d at 1022. Here, all of the Bolicks' claims against the County concerning the events of March 2012 sound in intentional torts: trespassing, fraud, conversion, civil conspiracy, battery, and interference with enjoyment of private property and mail delivery. *See Orange Stones*, 87 A.3d at 1022; *Zernhelt*, 659 A.2d at 90. Therefore, the County is immune from the Bolicks' claims.[12, 13]

Further, a local government may not be held vicariously liable for any actions or omissions of a contractor in its employ that may cause damage. *Nardo v. City of Phila.*, 988 A.2d 740, 746 (Pa. Cmwlth. 2010). This rule derives from Section 8541 of the Tort Claims Act, which states that "no local agency shall be liable for any damages on account of any injury to a person or property caused by

_____

[12] The Bolicks' Complaint includes bare assertions of negligence against all Appellees, including the County. For example, "[a]s a direct and proximate result of the intentional and/or negligent acts of Defendants, [the Bolicks] sustained severe mental and physical pain and suffering and injury in an amount that will be established at trial." Complaint ¶ 177; S.R.R. at 28b. However, the Complaint's conclusory averments of negligence are not supported by the facts as pleaded, which relate only to the Bolicks' claims of intentional torts and cannot be read as asserting that the County acted negligently with regard to the Bolicks' real or personal property. In fact, the Bolicks' characterization of the actions of the County is permeated with allegations that the County's actions were intentional. Thus, to the extent the Complaint contains bare allegations of negligence, any such assertions are merely "conclusions of law, argumentative allegations, expressions of opinion and unwarranted inferences." *Young*, 138 A.3d at 84-85. These averments do not allege negligence sufficient to trigger the enumerated exceptions in Section 8542(b) of the Tort Claims Act and override the merit of the County's preliminary objection asserting governmental immunity.

[13] We recognize that conversion of property may result from negligence as well as specific intent. *See Shore v. Dep't of Corr.*, 168 A.3d 374, 385 n.6 (Pa. Cmwlth. 2017) (collecting cases). Nevertheless, the factual allegations in the Bolicks' Complaint pertaining to their conversion claims all sound in the intentional version of the tort.

22

any act of the local agency or an employee thereof *or any other person*." 42 Pa.C.S. § 8541 (emphasis added). As such, the County's governmental immunity also shields it from the Bolicks' allegations that the County is vicariously responsible for the actions of the contractors retained to carry out the demolition on the Bolicks' property in March 2012, and the trial court did not err in sustaining the County's preliminary objection in this regard.

### F. Borough's Preliminary Objections

The Borough filed a preliminary objection on behalf of itself and Borough Manager Cuff raising the governmental immunity defense.[14] R.R. at 189a-90a. In its brief, the Borough argues that it cannot be held liable for the Bolicks' claims sounding in intentional torts and that none of the Tort Claims Act exceptions for negligence apply here. Borough's Br. at 17-21.

The Bolicks respond that the Borough, like the County, should not be immune from suit in tort for its alleged role in the demolition of the Bolicks' property in March 2012 because the Borough acted in cooperation with Northeast Industrial and Kurtz, who carried out the demolition. Bolicks' Br. at 32. Therefore, according to the Bolicks, the Borough is jointly liable with those entities for the damages the Bolicks have sustained. *Id*.

---

[14] The Borough also averred that the Bolicks failed to exhaust their available remedies pursuant to eminent domain, that the Borough and Cuff are immune from the Bolicks' claims pursuant to the Tort Claims Act, that the Bolicks' claims lacked legal sufficiency, and that the Bolicks' claims were barred by *lis pendens*, preclusion principles, and the statute of limitations. Borough's Preliminary Objections. The Borough's objection asserting the Bolicks failed to exhaust their remedies implicates the trial court's jurisdiction and, by extension, this Court's jurisdiction. *See Jackson v. Centennial Sch. Dist.*, 501 A.2d 218, 221 n.5 (Pa. 1985). However, based on our review of the pleadings and record in this matter, we cannot determine with certainty whether the Bolicks failed to exhaust their remedies. For purposes of this appeal, we therefore focus on the Borough's preliminary objection raising the governmental immunity defense and do not reach the Borough's alternative arguments.

23

Procedurally, as noted above, governmental immunity is an affirmative defense that must be raised in the context of an answer and new matter. Pa.R.C.P. No. 1030(a). However, a party may raise the defense as a preliminary objection "where it is clearly applicable on the face of the complaint; that is, that a cause of action is made against a governmental body and it is apparent on the face of the pleading that the cause of action does not fall within any of the exceptions to governmental immunity." *Orange Stones*, 87 A.3d at 1022. Second, "where a party erroneously asserts an immunity defense in a preliminary objection, the failure of the opposing party to file a preliminary objection to the defective preliminary objection in the nature of a motion to strike for lack of conformity to law waives the procedural defect and allows the trial court to rule on the immunity defense." *Id*. Merely objecting to the immunity defense in a "*response* to the preliminary objections" is insufficient to require the original preliminary objection to be stricken. *Id*. (emphasis in original).

Here, procedurally, as the Bolicks did with regard to the other Appellees, they filed an "opposition" to the Borough's preliminary objection raising the defense of governmental immunity but did not formally file preliminary objections to the Borough's preliminary objections. R.R. at 198a-203a. Pursuant to *Orange Stones*, this alone rendered the Borough's governmental immunity defense viable before the trial court because there is no question that the defense is implicated in the Complaint, which expressly names the Borough as a defendant and avers that the Borough is liable for any damages sustained by the Bolicks. *See, e.g.*, S.R.R. at 3b, 5b, 8b, 10b & 16b. Moreover, the Bolicks' response assailed the merits of the Borough's assertion of the governmental immunity defense but failed to challenge the County's procedural impropriety in raising the defense in preliminary objections

24

in contravention of Rule 1030(a). R.R. at 198a-203a. Therefore, the Bolicks waived any such challenge, the trial court did not err in ruling on the Borough's preliminary objections raising the governmental immunity defense, and the question is properly before this Court. *Orange Stones*, 87 A.3d at 1022.

On the merits, as discussed above, governmental entities are immune from allegations of intentional torts. *Orange Stones*, 87 A.3d at 1022. Here, all of the Bolicks' claims against the Borough concerning the events of March 2012 sound in intentional torts: trespassing, fraud, conversion, civil conspiracy, battery, and interference with enjoyment of private property and mail delivery. *See Orange Stones*, 87 A.3d at 1022; *Zernhelt*, 659 A.2d at 90. Therefore, the Borough is immune from the Bolicks' claims.[15, 16]

Further, a local government may not be held vicariously liable for any actions or omissions of a contractor in its employ that may cause damage. *Nardo*, 988 A.2d at 746. This rule derives from Section 8541 of the Tort Claims Act, which states that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof *or any other person*." 42 Pa.C.S. § 8541 (emphasis added). As such, the Borough's governmental immunity also shields it from the Bolicks' allegations that the Borough is vicariously responsible for the actions of the contractors retained to carry

---

[15] As discussed in note 13 with regard to the County, the Bolicks' Complaint includes assertions of negligence against all Appellees, including the Borough. For the same reasons as in note 13, these averments do not establish negligence sufficient to trigger the enumerated exceptions in Section 8542(b) of the Tort Claims Act and override the merit of the Borough's preliminary objection asserting governmental immunity.

[16] We recognize that conversion of property may result from negligence as well as specific intent. *See Shore*, 168 A.3d at 385 n.6 (collecting cases). Nevertheless, the factual allegations in the Bolicks' Complaint pertaining to their conversion claims all sound in the intentional version of the tort.

25

out the demolition on the Bolicks' property in March 2012, and the trial court did not err in sustaining the Borough's preliminary objection in this regard.

## G. Borough Manager Cuff's Preliminary Objections

Although the Borough may claim governmental immunity, the Bolicks also asserted in the Complaint that Cuff, in his role as Borough Manager, actively participated in the events of March 2012. *See, e.g.*, Complaint ¶ 2; S.R.R. at 3b. The Complaint therefore implicates an official immunity defense. *See Holt v. Nw. Pa. Training P'ship Consortium, Inc.*, 694 A.2d 1134, 1140-41 (Pa. Cmwlth. 1997) (allegations in complaint against prison warden based on performance of official duties enabled warden to raise defense of official immunity). The Borough's preliminary objections stated that its assertion of immunity pursuant to the Tort Claims Act included Cuff as well. R.R. at 189a-90a.

Official immunity is related to governmental immunity but is based on a separate legal principle. *Kuzel v. Krause*, 658 A.2d 856, 858 (Pa. Cmwlth. 1995). Governmental immunity concerns the effect of lawsuits on the public purse, while official immunity prevents the fear of personal liability from interfering with public officials' performance of their duties. *Id.* Official immunity has been codified at 42 Pa.C.S. § 8546.[17] Unlike the governmental entities they serve, officials are not

---

[17] In any action brought against an employee of a local agency for damages on account of an injury to a person or property based upon claims arising from, or reasonably related to, the office or the performance of the duties of the employee, the employee may assert on his own behalf, or the local agency may assert on his behalf: (1) Defenses which are available at common law to the employee. (2) The defense that the conduct of the employee which gave rise to the claim was authorized or required by law, or that he in good faith reasonably believed the conduct was authorized or required by law. (3) The defense that the act of the employee which gave rise to the

immune from claims sounding in crime, fraud, malice, or willful misconduct, which we have held are synonymous with intentional torts in the context of the Tort Claims Act. *See Orange Stones*, 87 A.3d at 1023; *Balletta v. Spadoni*, 47 A.3d 183, 195-96 (Pa. Cmwlth. 2012); *Kuzel*, 658 A.2d at 859. If a plaintiff alleges actions on the part of an official sufficient to establish willful misconduct, the official's conduct may be outside the protection of official immunity. *Kuzel*, 658 A.2d at 860.

Procedurally, we have treated assertions of official immunity in the context of preliminary objections in the same way as assertions of governmental immunity. *Orange Stones*, 87 A.3d at 1022 (including city attorney in determination that city was permitted to raise immunity defense in preliminary objections where defense was apparent on face of plaintiff's complaint and plaintiff did not specifically challenge assertion of defense in response to city's preliminary objections).

Here, as the Bolicks did with regard to the other Appellees, they filed an "opposition" to the Borough's preliminary objection raising the defense of governmental immunity on behalf of itself and Cuff, but the Bolicks did not formally file preliminary objections to the Borough's preliminary objections. R.R. at 198a-203a. Pursuant to *Orange Stones*, this alone rendered Cuff's official immunity defense viable before the trial court because there is no question that the defense is implicated in the Complaint, which expressly names Cuff as a defendant and avers that Cuff is liable for any damages sustained by the Bolicks. *See, e.g.*, S.R.R. at 3b,

---

claim was within the policymaking discretion granted to the employee by law. For purposes of this subsection, all acts of members of the governing body of a local agency or of the chief executive officer thereof are deemed to be within the policymaking discretion granted to such person by law.

42 Pa.C.S. § 8546.

27

5b, 8b, 10b & 16b.  Moreover, the Bolicks' response assailed the merits of the Borough's assertion of immunity on Cuff's behalf but failed to challenge the Borough's procedural impropriety in raising the defense in preliminary objections in contravention of Rule 1030(a).  R.R. at 198a-203a.  Therefore, the Bolicks waived any such challenge, the trial court did not err in ruling on the Borough's preliminary objections raising the immunity defense on Cuff's behalf, and the question is properly before this Court.  *Orange Stones*, 87 A.3d at 1022.

On the merits, regarding the sufficiency of a complaint that an official has acted with willful misconduct so as to forfeit immunity, we have stated:

> Blind suspicions and unsupported accusations simply do not state a cause of action pursuant to any theory of tort recovery.  Even our present liberalized system of pleading requires that the material facts upon which a cause of action is premised be pled with sufficient specificity so as to set forth the prima facie elements of the tort or torts alleged.  Although Pa.R.C.P. No. 1019(b)[18] allows malice, intent, knowledge, and other conditions of mind to be averred generally, the Rule does not eliminate the requirement that a plaintiff plead sufficient factual circumstances that give rise to an inference as to the actor's state of mind.
>
> Similarly, while Pa.R.C.P. No. 1019(b) permits general averments as to state of mind, if the complaint contains sufficient material facts that operate to disprove such averments, the allegations as to state of mind cannot stand, and the cause of action must fail when the particular state of mind is a material element of the claim.  In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents

---

[18] "Averments of fraud or mistake shall be averred with particularity. Malice, intent, knowledge, and other conditions of mind may be averred generally."  Pa.R.C.P. No. 1019(b).

28

and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred.

*Orange Stones*, 87 A.3d at 1025 (citations and quotation marks omitted). Therefore, when an intentional tort is alleged against an official, the claims against that official must contain more than bald allegations of wrongdoing to defeat an immunity defense. *Id.* at 1026; *Zuppo v. Dep't of Transp.*, 739 A.2d 1148, 1154-55 (Pa. Cmwlth. 1999).

Moreover, the allegations must aver facts sufficient to establish that the alleged tortious conduct was actually undertaken or committed by the individual defendant. In *Orange Stones*, we upheld the trial court's order sustaining preliminary objections filed by a city and its attorney on the basis that both were entitled to immunity from claims of wrongful use of civil proceedings, abuse of process, and intentional interference with contractual relations. 87 A.3d at 1028. The plaintiff failed to sufficiently plead that the city's attorney "filed a baseless civil proceeding, much less knowingly and without probable cause, and that it was his intentional and conscious objective to do so in order to interfere with Orange Stones' contractual relations[.]" *Id.* at 1027-28. Therefore, Orange Stones' averments were "markedly insufficient to establish that [the city's attorney] possessed the wrongful intent necessary to overcome the official/governmental immunity conferred to him by the Tort Claims Act." *Id.* at 1027.

Here, the Bolicks' assertions against Cuff in the Complaint are not specific to him. Cuff is simply included generally in the Complaint's listing of the defendants involved in the events of March 2012. *See, e.g.*, Complaint ¶ 32; S.R.R. at 8b ("the [Borough, County,] Cuff . . . and Kurtz, inappropriately demolished Plaintiffs['] buildings . . . and failed to account for the proceeds of the sale of property"). The Complaint alleges no facts suggesting that Cuff's individual actions

29

or mindset amounted to willful misconduct sufficient to support any of the intentional torts alleged by the Bolicks. Rather, the Complaint's assertions concerning Cuff are merely "argumentative assertions" and "expressions of opinion" that fail to support the Bolicks' averments that Cuff had specific intent to damage, trespass on, or otherwise interfere with their property, either alone or in association with the other defendants, much less that he actually did so. Therefore, Cuff is immune from the Bolicks' claims against him and the trial court did not err in sustaining Cuff's preliminary objection in this regard.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order to the extent that it sustained the preliminary objections of Northeast Industrial and Kurtz asserting the statute of limitations defense. We affirm the trial court's order to the extent that it sustained the preliminary objections of the County, the Borough, and Cuff asserting the governmental immunity defense. We reverse the trial court's order to the extent that it dismissed the Bolicks' cause of action as to The News Item and Bower, neither of whom filed preliminary objections, and remand this matter to the trial court for further proceedings consistent with this decision as to those two parties.

_____
CHRISTINE FIZZANO CANNON, Judge

30

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas M. Bolick and
Eileen B. Bolick,                              :
             Appellants                        :
                                               :
                                               :
             v.                                :
                                               :
Northeast Industrial Services                  :
Corporation, William R. Williams,              :
Jeff Kurtz, Individually and d/b/a             :
Jeff's Recycling, Mount Carmel                 :
Borough and Edward T. Cuff, III,               :
Manager, Northumberland County and   :   No. 443 C.D. 2019
The News Item and Don E. Bower, Inc. :


## O R D E R


AND NOW, this 18th day of August, 2021, the Order of the Court of Common Pleas of Northumberland County is AFFIRMED to the extent that it sustained the preliminary objections of Northeast Industrial Services Corporation and Jeff Kurtz individually and d/b/a Jeff's Recycling raising the statute of limitations defense. The Order is AFFIRMED to the extent that it sustained the preliminary objections of Northumberland County, Mount Carmel Borough, and Borough Manager Edward T. Cuff, III, raising the defenses of governmental and official immunity.

The Order is REVERSED to the extent that it dismissed the claims of Thomas M. Bolick and Eileen B. Bolick against The News Item and Don E. Bower,

Inc.  This matter is REMANDED for further proceedings consistent with this decision as to those parties.

Jurisdiction relinquished.

 

_____

CHRISTINE FIZZANO CANNON, Judge